BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA  92705-4067
Telephone:     949.863.3363
Facsimile:      949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| GARY ALAN POWERS dba POWERS PAINTING SERVICES, INC. and ANA MARIA POWERS<br><br>Debtor, | Case No.  8:18-bk-11321-MW<br><br>Chapter Number:  13<br><br>**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN**<br><br>**Plan Confirmation Hearing:**<br><br>Date:     July 11, 2018<br>Time:    2:00 p.m.<br>Ctrm:    6C |

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby objects (the "Objection") to confirmation of the Debtor's proposed Second Amended Chapter 13 Plan [Docket No. 37] (the "Plan") in the above-referenced matter.  This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of its Objection, Trinity respectfully states as follows:

**I.    INTRODUCTION**

Trinity requests that the Court deny confirmation of the Debtors' Plan, as it is a disguised sale motion that attempts to keep Trinity at bay without any payments to Trinity.  The Plan

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-3621-8732 v1
06836-0114.001

- 1 -

8:18-BK-11321-MW
OBJECTION TO SECOND AMENED PLAN

proposes to pay Trinity nothing on account of its secured claim for six months, followed by a possible sale. This kind of plan is illegal in this circuit. For the reasons set forth herein, the Court should deny confirmation of the Plan.

## II. ARGUMENT

1. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### A. The Plan is Patently Infeasible

2. The Plan has failed to address the Trustee's Objection to Confirmation of the Debtors' original plan [Docket No. 33]. That plan proposed monthly payments of $1,841.60 when the Debtors' net income is scheduled at only $1,562.91 [Docket No. 12]. The new Plan's proposed payments, however, have now jumped to a still more insuperable $1,934.45 per months 7 through 60. The Plan is therefore clearly infeasible on its face.

3. The Debtors' scheduled net income of $1,562.91 is pure fiction in any event. That net income is premised on extremely low expense figures, such as (1) $100 a month in total utility bills for electricity, heat, and gas; (2) $40 a month for water, sewer, and garbage collection; (3) $160 for childcare and children's education costs; (4) $75 for medical and dental expenses; and (5) $75 for entertainment and recreation. These expense figures are simply unachievable in this district, as any resident is well aware.

4. Because the Plan is not feasible, it cannot be confirmed, and this case should be dismissed. 11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-3621-8732 v1
06836-0114.001

- 2 -

8:18-BK-11321-MW
OBJECTION TO SECOND AMENDED PLAN

**B.    <u>The Plan is Patently Unconfirmable Due to Being a Disguised Sale Motion</u>**

5.    In the Ninth Circuit, "sale" plans are patently unconfirmable due to being impermissible modifications of creditors' rights, in violation of Sections 1322(b)(2) and (5). *In re Proudfoot*, 144 B.R. 876, 877 (B.A.P. 9th Cir. 1992). In *Proudfoot* and its predecessor, *In re Gavia,* 24 B.R. 573 (B.A.P. 9th Cir. 1982), Chapter 13 debtors "proposed to pay all of their creditors in full from the sale proceeds of their homes." *Proudfoot,* 144 B.R. at 877.  The Bankruptcy Appellate Panel ruled that the proposed "sale" plan violates creditors' rights for paying "only $200 per month" and thus not curing a default within a reasonable time, as required by Section 1322(b)(5). *Id.* at 877-878.

6.    Similar to the instant Plan, the *Proudfoot* plan proposed a delay of several months prior to sale. *Id.* at 877. This was an impermissible modification of creditor's rights because the *Proudfoot* debtor could not afford the monthly maintenance payment. *See id.* at 878. In the case at bar, the proposed Plan also commits the *Proudfoot* error of failing to cure the Debtors' default to Trinity within a reasonable time. The Plan proposes to pay only attorney's fees for several months before possibly selling the subject property. As the Plan is patently infeasible, payment to Trinity of both its monthly installment payments and arrearage payments will not be possible, and the Plan will fail to cure the Debtors' default. The Plan thus illegally proposes insufficient monthly installment payments to Trinity, and no arrearage payments at all either, while the Debtors *maybe* sell their house "by November 2018," purportedly to pay Trinity off. This is insufficient under the case law. Trinity should not be haled into this Court for repeated confirmation hearings on patently infeasible amended plans when the Debtors just lost state court litigation against Trinity and have given no indication of an intent to dispose of the subject property quickly. This case should be dismissed.

7.    It is not the Debtors' place to usurp their creditors' interests in a sale through this case. In *In re Kornhauser*, 184 B.R. 425, 428 (Bankr. S.D.N.Y. 1995), the debtor argued "that his proposed sale netting the Creditor $192,835 is the highest price obtainable and is in the best interests of the Creditor." "But," the *Kornhauser* court observed, "such a determination is for the Creditor to make. The Creditor is entitled by contract and by statute to foreclose, to bid in the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-3621-8732 v1
06836-0114.001

- 3 -

8:18-BK-11321-MW
OBJECTION TO SECOND AMENDED PLAN

property at the foreclosure sale, to renovate the property if so advised and to market the property in its own manner and on its own time to achieve the best price possible." *Id.* The court concluded, "It is not for the Debtor or the Court to decide that the Creditor would be better off accepting the proceeds of the Debtor's proposed sale." *Id.*

8. Similarly here, the Plan is a disguised sale motion that gives the Debtors continued use and enjoyment of the subject property while imposing no obligation on the Debtors to pay their secured creditor a monthly plan payment or even a full monthly maintenance payment. In lieu of a sale under the Debtors' control, the Plan should simply surrender the collateral so that the secured creditors may pursue their state law remedies.

**C.   The Plan Does Not Meet the Requirements of a Sale Plan in Any Event**

9. The Plan indicates the Debtors intend to sell the subject property perhaps by the end of the year. However, the Debtors have not filed a Motion to Sell Real Property. Nor have the Debtors requested a payoff statement from Trinity to ensure the sale price will be sufficient to pay off their lienholders. Furthermore, the Debtors have not provided (1) a Sale Agreement with a deadline to close escrow, (2) any proof of an interested buyer, or (3) any proof the property has even been *listed* for sale. Clearly, the Debtors intend to delay the sale of the subject property as long as possible while stiffing their creditors.

10. If the Court decides to confirm the Plan as proposed—despite the ban on "sale" plans that fail to maintain secured claims—the Court should add the requirement that the Debtors sell the subject property immediately, on pain of dismissal of this case.[1] Otherwise, the Debtors have every incentive to limp along under an infeasible Plan that requires no arrearage payments at all to Trinity this year.

11. In those circuits that permit a Chapter 13 "sale" plan, such "sale" plans require greater specificity than is usually necessary for confirmation. Typically, a sale plan provides "that if an agreement of sale is not signed within [so many] days after confirmation, the case is subject to dismissal." *In re Jensen*, 369 B.R. 210, 236–37 (Bankr. E.D. Pa. 2007). A sale plan must also

---

[1] *In re Proudfoot,* 144 B.R. at 878, states that withholding monthly payments "for *any* period of time" is an impermissible violation of Section 1322(b)(2).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-3621-8732 v1
06836-0114.001

- 4 -

8:18-BK-11321-MW
OBJECTION TO SECOND AMENDED PLAN

"state[] the terms of and time period for contemplated sale and [be] specific as to remedies available to secured creditors if projected sale is unsuccessful." *Id.* at 237.

12.    Accordingly, if the Court is inclined to permit a "sale" plan, such a plan should not be confirmed unless the Plan is modified to provide for dismissal of this case if the subject property is not sold within a narrow time window.

### III. CONCLUSION

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed; or in the alternative, that the Plan be amended to provide for the payment of Trinity's claim.

Dated: July 10, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
    Richard J. Reynolds
    Rafael R. Garcia-Salgado
    Attorneys for Creditor
    TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-3621-8732 v1
06836-0114.001

- 5 -

8:18-BK-11321-MW
OBJECTION TO SECOND AMENDED PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Burke, Williams & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

A true and correct copy of the foregoing document entitled (*specify*):    **CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **7/10/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **Rafael R Garcia-Salgado**    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- **Timothy McFarlin**    tim@mcfarlinlaw.com, R61097@notify.bestcase.com;bankruptcy@mcfarlinlaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Robert P Zahradka**    caecf@tblaw.com, RPZ@tblaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **7/10/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Debtor:** Gary Alan Powers, 2427 N. Valencia Street, Santa Ana, CA  92706
**Debtor:** Ana Maria Powers, 2427 N. Valencia Street, Santa Ana, CA  92706
**Judge:** Honorable Mark S. Wallace, United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and Courthouse, 255 E. Temple Street, 411 West Fourth Street, Suite 6135, Santa Ana, CA  92701-4593

☐ Service information continued on attached page

*///*

*///*

*///*

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4829-3621-8732 v1
06836-0114.001

- 6 -

8:18-BK-11321-MW
OBJECTION TO SECOND AMENDED PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (*state method* for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 10, 2018 | Bernadette C. Antle | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4829-3621-8732 v1
06836-0114.001

- 7 -

8:18-BK-11321-MW
OBJECTION TO SECOND AMENDED PLAN