BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:     949.863.3363
Facsimile:      949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

FILED & ENTERED

JUL 20 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>GARY ALAN POWERS dba POWERS PAINTING SERVICES, INC. and ANA MARIA POWERS,<br><br>Debtor(s), | Case No.  8:18-bk-11321-MW<br><br>Chapter Number:  13<br><br>**ORDER DENYING UNOPPOSED MOTION FOR ORDER FOR EXAMINATION OF GARY ALAN POWERS AND ANA MARIA POWERS PURSUANT TO BANKRUPTCY RULE 2004, AND FOR INSPECTION OF DOCUMENTS**<br><br>[Fed. R. Bankr. P. 2004 and Local Bankr. R. 2004-1] |

The Court has reviewed the so-called Unopposed Motion by Trinity Financial Services, LLC for an Order Directing the Debtors, Gary Alan Powers and Ana Maria Powers, to Appear for Examination and Produce Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "2004 Motion").  The 2004 Motion is styled in its caption as "Unopposed Motion" but movant could not have known the 2004 Motion would be unopposed until a reasonable time had passed after filing and no opposition was in fact filed (or unless movant had some indication that no party in interest in this case would oppose the 2004 Motion – but there is no proof of such widespread non-opposition in the 2004 Motion itself).  Second, the definitions of key terms such as "DOCUMENTS"

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-7094-0269 v1
06836-0114.001

- 1 -

ORDER GRANTING UNOPPOSED MOTION FOR
EXAMINATION OF DEBTORS PURSUANT TO RULE 2004
AND FOR INSPECTION OF DOCUMENTS

and "COMMUNICATIONS" are overbroad and overreaching and would require compliance in situations where compliance is impossible. The 2004 Motion requires the production of "DOCUMENTS." The term "DOCUMENT" is defined to include "any form of communication . . . including. . . sounds." The term "COMMUNICATION" refers to "all forms of verbal and oral communications, including spoken words . . ." The proposed order in this matter would require Debtors to produce "all COMMUNICATIONS involving loan servicers or lenders." Thus, if a Debtor happened to have a telephone conversation with a loan servicer, Debtor would be obligated to produce the telephone call because it was "a form of communication involving sounds" and because the term "COMMUNICATION" includes spoken words. However, it is (at least as far as the Court knows) impossible to "produce" a telephone call that occurred in the past and was never recorded by any means. Thus, the 2004 Motion asks the Court to order the Debtors to do what is impossible.

Because the scope of documents within the request for production is overreaching and overbroad, the 2004 Motion is denied without prejudice. However, no renewed Rule 2004 motion may be filed by movant for a period of ninety (90) days following the date of entry of this order.

IT IS SO ORDERED.

###

Date: July 20, 2018

Mark S. Wallace
United States Bankruptcy Judge

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-7094-0269 v1
06836-0114.001

- 2 -

ORDER GRANTING UNOPPOSED MOTION FOR EXAMINATION OF DEBTORS PURSUANT TO RULE 2004 AND FOR INSPECTION OF DOCUMENTS